PROB 12B
(7/93)

Report Date: March 9, 2007

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR - 9 2007

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Eric Lee Morrow

Case Number: 2:03CR02051-001

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen

Date of Original Sentence: 12/15/2003

Type of Supervision: Supervised Release

Original Offense: Receipt of a Firearm by Person Under Indictment or Information for a Felony, 18 U.S.C. § 922(n)

Date Supervision Commenced: 05/08/2006

Original Sentence: Prison - 15 Months; TSR - 36 Months

Date Supervision Expires: 05/07/2008

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

16    You shall reside in a residential reentry center for a period of up to 90 days. You shall not be entitled to the benefits of the prerelease component. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

### CAUSE

Mr. Morrow failed to report on four separate occasions for urinalysis testing at New Horizon Care Center since mid-January 2007. On February 21, 2007, he submitted a urine sample that screened positive for methamphetamine and opiates. On February 23, 2007, he signed a "last chance" contract with New Horizon Care Center requiring he abstain completely from the use of controlled substances, and report for all required urinalysis testing. On February 27, 2007, he submitted another urine sample that was presumptive positive for both methamphetamine and opiates.

The undersigned officer has staffed the defendant's current non-compliance with Art Garcia at New Horizon. The position of the treatment provider is that Mr. Morrow is not capable of maintaining sobriety while in his current community setting. They will allow him to continue his treatment if he enters inpatient treatment or returns to the structured setting of a residential reentry center (RRC). Otherwise, he will be terminated from their program.

Mr. Morrow remains gainfully employed, and has indicated that he would like the opportunity to maintain his employment. He believes that returning to the RRC will allow him to maintain employment, while continuing his substance abuse treatment. The undersigned officer concurs with his position, and believes the structured setting of the RRC will assist him in regaining his sobriety. He has agreed to reside at the RRC for up to 90 days to accomplish these goals.

It is hoped that the actions taken in this matter meet the expectations of the Court. Please advise this officer should Your Honor require a different course of action or a Court appearance by the defendant.

Respectfully submitted,

by *Matthew L Thompson*

Matthew L Thompson
U.S. Probation Officer
Date: March 9, 2007

## THE COURT ORDERS

[ ]  No Action
[ ]  The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ]  Other

*Signature*

Signature of Judicial Officer

March 9 2007

Date